UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE NO. 1, a minor child, by her parent and next friend MARY ROE, JANE DOE NO. 2, and JANE DOE NO. 3, a minor child, by her parents and next friends, SAM LOE and SARA LOE,<br><br>Plaintiffs,<br><br>v.<br><br>BACKPAGE.COM, LLC, CAMARILLO HOLDINGS, LLC (f/k/a VILLAGE VOICE MEDIA HOLDINGS, LLC) and NEW TIMES MEDIA HOLDINGS, LLC,<br><br>Defendants. | Civil Action No. 14-13870-RGS |

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**
**(Oral Argument Requested)**

Defendants Backpage.com, LLC, Camarillo Holdings, LLC, and New Times Media Holdings, LLC (the "Defendants") respectfully submit this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

Defendants operate the website Backpage.com. Plaintiffs Jane Does No. 1, 2 and 3 allege that while they were minors, they were raped after their pimps placed escort advertisements about them on Defendants' website. In this action, they seek to recover damages from Defendants on the theory that by providing a forum for those ads, Backpage.com is liable for their injuries.

Plaintiffs' claims must be dismissed because federal law—Section 230 of the Communications Decency Act, 47 U.S.C. § 230 ("Section 230")—broadly immunizes online providers like Defendants from lawsuits based on content provided by third parties. While

1

plaintiffs attempt to plead around Section 230 by attacking Backpage.com's structure, policies, practices and editorial decisions—and by claiming that Backpage.com "promotes" or "encourages" unlawful conduct—such allegations are "not enough to make [the content] the service provider's own speech" and thus to deprive Defendants of immunity from suit. *Universal Commn's Sys. v. Lycos, Inc.*, 478 F.3d 413, 420 (1st Cir. 2007).

The purposes of Section 230, passed in 1996, are as important as the statute is broad. Congress sought "to encourage the unfettered and unregulated development of free speech on the Internet, and to promote the development of e-commerce." *Batzel v. Smith*, 333 F.3d 1018, 1027 (9th Cir. 2003); *see also Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 985 n.3 (10th Cir. 2000) (Section 230 is meant "to promote freedom of speech"); 47 U.S.C. § 230(b)(2)(3) (Section 230 is intended to "preserve the vibrant and competitive free market that presently exists for the Internet."). It also intended to encourage online service providers to "self-police" potentially harmful or offensive material on their services by providing immunity for such efforts. *Batzel*, 333 F.3d at 1028; *see also* 47 U.S.C. § 230(c)(2); *Doe v. MySpace, Inc.*, 528 F.3d 413, 419 (5th Cir. 2008) (dismissing claims against social media site for "failure to implement basic safety measures to protect minors").

All of Plaintiffs' claims are based on the premise that they or their pimps posted advertisements about them on Backpage.com. Plaintiffs do not allege that Backpage.com had anything to do with creating or developing the ads. On these facts, "[n]o amount of artful pleading can avoid" Section 230 immunity. *Lycos,* F.3d at 418. Plaintiffs' claims also fail to state a claim upon which relief may be granted, and Plaintiffs' attempt to avail themselves of that statute's exception for "intellectual property" meets the same fate.

2106508.1

In passing Section 230, Congress recognized that material posted on the Internet could lead to harm, but it made a considered choice that "plaintiffs may hold liable the person who creates or develops unlawful content, but not the interactive computer service provider that merely enables that content to be posted online." *Nemet Chevrolet, Ltd. v. Consumraffairs.com, Inc.*, 591 F.3d 250, 254 (4th Cir. 2009). Wherever plaintiffs' remedy may lie, it is not against the Defendants.

In further support of this motion, plaintiffs submit the accompanying memorandum of law.

### REQUEST FOR ORAL ARGUMENT

Defendants believe that oral argument may assist the Court in the disposition of this motion, and therefore they request a hearing pursuant to Local Rule 7.1(E).

BACKPAGE.COM, LLC, CAMARILLO HOLDINGS, LLC, AND NEW TIMES MEDIA, LLC,

By Their Attorneys,

/s/ *Robert A. Bertsche*
Robert A. Bertsche (BBO #554333)
Jeffrey J. Pyle (BBO #647438)
PRINCE LOBEL TYE LLP
100 Cambridge Street, Suite 2200
Boston, MA 02114
(617) 456-8000 (tel.)
(617) 456-8100 (fax)

James C. Grant, *Admitted Pro Hac Vice*
Ambika K. Doran, *Admitted Pro Hac Vice*
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
(206) 622-3150 (tel.)
(206) 757-7700 (fax)

Dated:  January 16, 2015

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I hereby certify that on November 13, 14, 15, 16 and 18, 2014, counsel for defendants conferred via telephone and e-mail with counsel for plaintiffs in a good faith attempt to resolve or narrow the issues presented in this motion.

/s/ *Robert A. Bertsche*
Robert A. Bertsche

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2015, the within document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and by first-class mail to any non-registered participants.

/s/ *Robert A. Bertsche*
Robert A. Bertsche

2106508.1