UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE NO. 1, a minor child, by her parent and next friend MARY ROE, JANE DOE NO. 2, and JANE DOE NO. 3, a minor child, by her parents and next friends SAM LOE and SARA LOE,<br><br>Plaintiffs,<br><br>vs.<br><br>BACKPAGE.COM, LLC, CAMARILLO HOLDINGS, LLC (f/k/a VILLAGE VOICE MEDIA HOLDINGS, LLC, and NEW TIMES MEDIA, LLC,<br><br>Defendants. | Civil Action No. 14-13870-RGS |

**MOTION FOR LEAVE TO APPEAR AND FILE BRIEF OF *AMICI CURIAE* CITY AND COUNTY OF SAN FRANCISCO, CITY OF ATLANTA, CITY AND COUNTY OF DENVER, CITY OF HOUSTON, CITY OF PHILADELPHIA AND CITY OF PORTLAND
IN SUPPORT OF PLAINTIFFS**

DENNIS J. HERRERA, CA State Bar #139669
City Attorney
VICTORIA WONG, CA State Bar #214289
MOLLIE LEE, CA State Bar #251404
ELIZABETH PEDERSON, CA State Bar #288184
MARK D. LIPTON, CA State Bar #152864, BBO#652968
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:     (415) 554-4721
Facsimile:      (415) 554-4757
E-Mail:  victoria.wong@sfgov.org
Attorneys for *Amicus Curiae*
THE CITY AND COUNTY OF SAN FRANCISCO

SHELLEY R. SMITH, PA State Bar #56171
City Solicitor
City of Philadelphia Law Department
1515 Arch Street
Philadelphia, PA  19102
Telephone:    (404) 546-4100
E-Mail: Shelley.Smith@phila.gov

Attorney for *Amicus Curiae*
MICHAEL A. NUTTER, MAYOR OF PHILADELPHIA

DONNA L. EDMUNDSON, TX State Bar #06432100
Houston City Attorney
900 Bagby Street, 4th Floor
Houston, Texas  77002
Telephone:    (832) 393-3628
Facsimile:     (832) 393-6259
E-Mail: donna.edmundson@houstontx.gov

Attorney for *Amicus Curiae*
CITY OF HOUSTON

TRACY REEVE, OR State Bar #891123
City Attorney
HARRY AUERBACH, OSB # 821830
Chief Deputy City Attorney
430 City Hall
1221 SW Fourth Ave.
Portland, Oregon 97204
Tel: 503-823-4047
E-Mail: tracy.reeve@portlandoregon.gov

Attorneys for *Amicus Curiae*
CITY OF PORTLAND, OREGON

CATHY HAMPTON
City Attorney
City of Atlanta Law Department
55 Trinity Avenue, SW, Suite 5000
Atlanta, Georgia 30303
Telephone:    (404) 546-4100
E-Mail:  cathyhampton@atlantaga.gov

Attorney for *Amicus Curiae*
CITY OF ATLANTA

D. SCOTT MARTINEZ
City Attorney
City and County of Denver
1437 Bannock Street, Room 353
Denver, CO 80202
Telephone:    (720) 865-8770
E-Mail:  scott.martinez@denvergov.org

Attorney for *Amicus Curiae*
MICHAEL B. HANCOCK, MAYOR OF THE CITY AND COUNTY OF DENVER

**NOTICE TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

The City and County of San Francisco, the City of Atlanta, the City and County of Denver, the City of Houston, the City of Philadelphia, and the City of Portland (collectively "*Amici*") hereby move the Court for leave to appear as *amici curiae* in the above-captioned action and to file the accompanying brief, attached as Exhibit A hereto, in support of Plaintiffs. As set forth below, the Court has broad discretion to grant such participation, and the proposed *Amici*'s distinctive perspective will assist the Court in evaluating Defendants' Motion to Dismiss.

**I.  DISTRICT COURTS HAVE BROAD DISCRETION TO PERMIT PARTICIPATION BY *AMICI*.**

This Court has discretion to permit a non-party to participate in an action as *amicus curiae*. *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970) (noting that "the acceptance of amicus briefs is within the sound discretion of the [district] court"); *Boston Gas Co. v. Century Indem. Co.*, 2006 WL 1738312, at *1 n.1 (D. Mass. June 21, 2006) (stating that although "no procedural rule provides for filing of amicus briefs in federal district court, courts have inherent authority and discretion to appoint amici").  As this Court has noted, "thoughtful *amicus* submissions" can be "quite helpful in putting the immediate controversy in its larger context." *Gallo v. Essex Cnty. Sheriff's Dep't*, 2011 WL 1155385, at *6 n.7 (D. Mass. Mar. 24, 2011); *see also Blum v. Holder*, 930 F. Supp. 2d 326, 328 n.1 (D. Mass. 2013) *aff'd*, 744 F.3d 790 (1st Cir. 2014) *cert. denied*, 135 S. Ct. 477 (2014) (referencing "the helpful contributions of amici on both sides of these important constitutional issues"); *Greenwood Trust Co. v. Com. of Mass.*, 776 F. Supp. 21, 23 n.1 (D. Mass. 1991) *rev'd on other grounds,* 971 F.3d 818 (1st Cir. 1992) (expressing "appreciation to all the *amici* for their able briefs and most helpful assistance in addressing these important issues").

**II.  *AMICI* ARE INTERESTED PARTIES BECAUSE THEIR CITIES ARE PLAGUED BY CHILD SEX TRAFFICKING AND BECAUSE AN OVERLY BROAD INTERPRETATION OF THE COMMUNICATIONS DECENCY ACT WOULD HINDER THEIR EFFORTS TO ENFORCE LAWS OF GENERAL APPLICABILITY.**

*Amici* are local governments with a strong interest in combating child sex trafficking, which afflicts an estimated 300,000 children in the United States each year. William Adams et. al, *Effects of Federal Legislation on the Commercial Sexual Exploitation of Children*, Juvenile Justice Bulletin, 1


(July 2010), https://www.ncjrs.gov/pdffiles1/ojjdp/228631.pdf. Trafficked children are often raped ten to fifteen times per day. Linda A. Smith, Samantha Healy Vardaman & Melissa A. Snow, *The National Report on Domestic Minor Sex Trafficking: America's Prostituted Children*, Shared Hope International 20 (May, 2009), http://sharedhope.org/wp-content/uploads/2012/09/SHI_National_Report_on_DMST_2009.pdf. The average age a child first falls victim to sex trafficking is 13 or 14, and this age is declining. *See* Adams at 3.

The cities moving to appear as *amici* are among the country's top markets for the sex trafficking of these minors. *105 Juveniles Recovered in Nationwide Operation Targeting Underage Prostitution*, FBI National Press Office, http://www.fbi.gov/news/pressrel/press-releases/105-juveniles-recovered-in-nationwide-operation-targeting-underage-prostitution. The FBI identified San Francisco as among thirteen "High Intensity Child Prostitution Areas" nationwide. *The Federal Bureau of Investigation's Efforts to Combat Crimes Against Children*, Office of the Inspector General, Audit Report at 70 n.22 (January 2009), http://www.justice.gov/oig/reports/FBI/a0908/final.pdf. In a 76-city FBI raid in 2013, the San Francisco Bay Area had the highest number of juveniles (12) recovered—11% of the total from all 76 cities. *105 Juveniles Recovered in Nationwide Operation Targeting Underage Prostitution*, FBI National Press Office, http://www.fbi.gov/news/pressrel/press-releases/105-juveniles-recovered-in-nationwide-operation-targeting-underage-prostitution. All *Amici* were among the top 25 cities with the most children rescued. *Id.*

Local governments face significant hurdles to prevent the sexual exploitation of children and address the aftermath. Victims of sex trafficking are difficult to identify because traffickers control these victims through physical and psychological force, often locking them away, restricting their movements, stealing their identity papers, and harming or threatening them with violence. *The State of Human Trafficking in California*, California Department of Justice 24 (2012) (available at http://oag.ca.gov/sites/all/files/agweb/pdfs/ht/human-trafficking-2012.pdf). Compounding this problem, sex trafficking often happens behind closed doors, in hotels or private residences.

Even when rescued, survivors of child sex trafficking suffer significant physical and psychological trauma. Laura J. Lederer and Christopher A. Wetzel, *The Health Consequences of Sex*

*Trafficking and Their Implications for Identifying Victims in Healthcare Facilities*, 23 Annals of Health Law 61 (Winter 2014). Over 40% of survivors attempt suicide. *Id.* at 70. The average life expectancy of an exploited child, from the first date of exploitation, is seven years, with the majority of deaths resulting from homicide and HIV/AIDS. Kate Walker, California Child Welfare Council, *Ending The Commercial Sexual Exploitation Of Children: A Call For Multi-System Collaboration In California*, 13-15 (2013), http://www.youthlaw.org/fileadmin/ncyl/youthlaw/publications/Ending-CSEC-A-Call-for-Multi-System_Collaboration-in-CA.pdf.

*Amici* have a particular interest in this case because the majority of child sex trafficking occurs online, with an estimated 63% of children sold for sex in the United States trafficked online. Thorn, *Child Trafficking Statistics* (available at http://www.wearethorn.org/child-trafficking-statistics). Thus, *Amici* have an interest in the Court's determination of whether and when websites can be held liable for their role in facilitating child sex trafficking.

More generally, *Amici* make and enforce laws regulating businesses that operate within their jurisdictions, and *Amici* have an interest in whether these generally applicable laws apply to businesses that operate online. The Court's determination of the scope of the CDA will affect *Amici*'s "great latitude under [states'] police powers to legislate as to the protection of the lives, limbs, health, comfort, and quiet of all persons." *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 756 (1985); *see also Queenside Hills Realty Co. v. Saxl*, 328 U.S. 80, 83 (1946) ("The police power is one of the least limitable of governmental powers…."). Thus, *Amici* wish to offer their views on whether "the clear and manifest purpose of Congress" was to supersede "the historic police powers of the States" through the CDA. *Medtronic, Inc. v. Lohr,* 518 U.S. 470, 485 (1996) (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947)) (internal quotation marks omitted). As the Internet becomes the "preeminent" means of conducting commercial transactions and communication, local governments must retain the ability to protect the health, safety and welfare of their citizens to the greatest extent allowed by law. *Fair Housing Council of San Fernando Valley v. Roommates.com*, 521 F.3d 1157, 1164 n. 15. An overly broad reading of Section 230 would unnecessarily eviscerate local governments' ability to fulfill this essential function.

As a policy matter, *Amici* also have an interest in whether actions traditionally subject to local police power regulation, such as engaging in child sex trafficking and distributing pornographic or defamatory material, should be immunized merely because the actor is a website. *See, e.g.,* Robert G. Magee & Tae Hee Lee, *Information Conduits or Content Developers? Determining Whether News Portals Should Enjoy Blanket Immunity from Defamation Suits*, 12 Comm. L. & Pol'y 369, 370 (2007) (an online information content provider "should be held to the same standards as traditional media, and [ ] a determination of immunity should be based on a defendant's actions and not on the medium used"); *Palfrey on Ars Technica: On the future of online obscenity and social networks*, Harvard Law Today (Mar. 9, 2009) (interview of Prof. John Palfrey, Harvard Law Sch.) (arguing internet service providers "should not have special protection" from tort claims simply because "the service provider is offering an Internet-based service, rather than a physically based service").

The practical effect of granting a website operator overly broad immunity from generally applicable state and local laws would be to severely undermine local governments' police power to protect the health, safety and welfare of their citizens.

### III. *AMICI'S* BRIEF WILL ASSIST THE COURT AND IS RELEVANT TO THE DISPOSITION OF THE CASE.

This brief will help the Court by "assisting in a case of general public interest, supplementing the efforts of counsel and drawing the court's attention to law that might otherwise escape consideration." *Funbus Systems, Inc. v. State of California Public Utilities Commission*, 801 F.2d 1120, 1125 (9th Cir. 1986). As discussed above, online sex trafficking of children is a matter of great public concern due to its impact on health, safety and welfare. There is also a public interest in enforcing laws of general applicability against websites that engage in unlawful conduct. Given this context, *Amici* have an interest in this litigation that is not already represented by the parties. *See Funbus*, 801 F.2d at 1125.

This brief will supplement the efforts of Plaintiffs' counsel by providing an overview of the legislative history of Section 230 of the CDA, which Backpage relies on to assert immunity from Plaintiffs' claims. The brief will also discuss the proper scope of Section 230 in light of that

legislative history and subsequent case law. As the brief will explain, Section 230(c)(1), which shields websites that display third-party content from liability arising from that content, does not immunize a website operator that either materially contributes to unlawful content, or engages in other unlawful business practices.

Backpage's contrary reading of Section 230 would exempt it from civil and criminal laws that apply to brick and mortar businesses and would strip *Amici* of their police power to regulate activities related to child sex trafficking and other illegal conduct within their jurisdictions. As the legislative history of the CDA makes clear, Congress had no such "clear and manifest purpose." *Lohr,* 518 U.S. at 485; *see* Ryan J.P. Dyer, *The Communication Decency Act Gone Wild: A Case for Renewing the Presumption Against Preemption*, 37 Seattle L. Rev. 837, 852-858 (discussing why Section 230(c) does not preempt local police powers).

## CONCLUSION

For these reasons, *Amici* respectfully request that the Court grant this motion for leave to appear as *amici curiae* in the above-captioned action and to file the accompanying brief.

Dated:  February 19, 2015

By: _____/s/  Mark D. Lipton_____
MARK D. LIPTON,   BBO#652968

DENNIS J. HERRERA, State Bar #139669
City Attorney
VICTORIA WONG, CA State Bar #214289
MOLLIE LEE, CA State Bar #251404
ELIZABETH PEDERSON, CA State Bar #288184
MARK D. LIPTON, CA State Bar #152864
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:     (415) 554-4721
Facsimile:       (415) 554-4757
E-Mail:  victoria.wong@sfgov.org

Attorneys for *Amicus Curiae*
THE CITY AND COUNTY OF SAN  FRANCISCO

By: /s/ *Shelley R. Smith*
   SHELLEY R. SMITH

   SHELLEY R. SMITH, PA State Bar #56171
   City Solicitor
   City of Philadelphia Law Department
   1515 Arch Street
   Philadelphia, PA  19102
   Telephone: (404) 546-4100
   E-Mail: Shelley.Smith@phila.gov

   Attorney for *Amicus Curiae*
   MICHAEL A. NUTTER, MAYOR OF PHILADELPHIA

By: /s/ *Tracy Reeve*
   TRACY REEVE

   Tracy Reeve, OSB # 891123
   City Attorney
   Harry Auerbach, OSB # 821830
   Chief Deputy City Attorney
   430 City Hall
   1221 SW Fourth Ave.
   Portland, Oregon 97204
   Tel: 503-823-4047
   Email: tracy.reeve@portlandoregon.gov

   Attorneys for *Amicus Curiae*
   CITY OF PORTLAND, OREGON

By: /s/ *D. Scott Martinez*
   D. SCOTT MARTINEZ

   D. Scott Martinez
   City Attorney
   City and County of Denver
   1437 Bannock Street, Room 353
   Denver, CO 80202
   Telephone: (720) 865-8770
   E-Mail: scott.martinez@denvergov.org

   Attorney for *Amicus Curiae*
   MICHAEL B. HANCOCK, MAYOR OF THE CITY AND COUNTY OF DENVER

By: /s/ *Donna L. Edmundson*
   DONNA L. EDMUNDSON

   DONNA L. EDMUNDSON, TX State Bar #06432100
   Houston City Attorney
   900 Bagby Street, 4th Floor
   Houston, Texas  77002
   Telephone: (832) 393-3628
   Facsimile: (832) 393-6259
   E-Mail: donna.edmundson@houstontx.gov

   Attorney for *Amicus Curiae*
   CITY OF HOUSTON

By: /s/ *Cathy Hampton*
   CATHY HAMPTON

   CATHY HAMPTON
   City Attorney
   City of Atlanta Law Department
   55 Trinity Avenue, SW, Suite 5000
   Atlanta, Georgia 30303
   Telephone: (404) 546-4100
   E-Mail: cathyhampton@atlantaga.gov

   Attorney for *Amicus Curiae*
   CITY OF ATLANTA

CERTIFICATION PURSUANT TO LOCAL RULE 7.1

  I hereby certify that on February 3 and February 17, 2015, counsel for *amicus* City and County of San Francisco conferred via telephone with counsel for defendants in a good faith attempt to resolve or narrow the issues presented in this motion in compliance with Local Rule 7-1(a)(2).

             By:   /s/ MARK D. LIPTON
                MARK D. LIPTON
                Deputy City Attorney

CERTIFICATE OF SERVICE

  I, Mark D. Lipton, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants, on February 19, 2015.

             By:   /s/ MARK D. LIPTON
                MARK D. LIPTON
                Deputy City Attorney