## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE NO. 1, a minor child, by her parent and next friend MARY ROE, JANE DOE NO. 2, and JANE DOE NO. 3, a minor child, by her parents and next friends SAM LOE AND SARA LOE,<br><br>                Plaintiffs,<br><br>       v.<br><br>BACKPAGE.COM, LLC, CAMARILLO HOLDINGS, LLC (f/k/a VILLAGE VOICE MEDIA HOLDINGS, LLD), and NEW TIMES MEDIA, LLC,<br><br>                Defendants. | Civil Action No. 14-13870-RGS |

### MOTION BY COMMONWEALTH OF MASSACHUSETTS FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPPORT OF PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS

The Commonwealth of Massachusetts respectfully moves for leave to submit the attached *amicus curiae* brief in support of the plaintiffs' opposition to the motion to dismiss filed by defendants Backpage.com, LLC et al. ("Backpage") and requests the opportunity to participate in oral argument on the motion, should the Court find the Commonwealth's participation to be helpful in analyzing the legal issues presented by the parties.

As the Commonwealth's chief law enforcement officer, the Attorney General has a statutory and common law duty to protect the public interest and to enforce state law for the benefit of the residents of the Commonwealth, including those who are most vulnerable to abuse and victimization. *See* Mass. Gen. Laws c. 12, § 10; *Commonwealth v. Mass. CRINC*, 392 Mass. 79, 88 (1984). This case implicates both of those responsibilities.

Human trafficking is a serious and widespread problem in the Commonwealth, causing unspeakable physical, psychological, and financial harm.  The Attorney General's Office therefore has been aggressive in its efforts to tackle the problem.  It led efforts to pass comprehensive human trafficking legislation, a part of which is at issue in this case, and established a dedicated Human Trafficking Division.  The Attorney General also chairs a statewide Interagency Human Trafficking Task Force charged with addressing all aspects of human trafficking, and has been actively involved in nationwide efforts by the National Association of Attorneys General (NAAG) to combat trafficking.

The Attorney General has a particular interest in ensuring that state laws, including Mass. Gen. Laws c. 265, § 49 *et seq.* ("Massachusetts Anti-Trafficking Law") and Mass. Gen. Laws c. 93A, § 2 ("Chapter 93A"), remain viable tools for redressing conduct by individuals and entities—including websites—that facilitate human trafficking in the Commonwealth.[1] Accordingly, the Commonwealth seeks leave to file the attached brief to present: (1) its understanding of the nature and scope of human trafficking and the role Backpage plays in facilitating this crime; (2) the application of the Massachusetts Anti-Trafficking Law and Chapter 93A to Backpage's alleged conduct; and (3) the reasons why the Communications Decency Act should not be interpreted to preempt state law in this context.

Although the Commonwealth may not, as of right, file a brief as *amicus curiae* in this Court, it may file as of right in all appellate courts in Massachusetts and all federal courts of appeals, including the Supreme Court of the United States.  Mass. R. App. P. 17; Fed. R. App. P. 29(a); Sup. Ct. R. 37.4.  In addition, federal district courts "frequently welcome amicus briefs

---

[1] Although the plaintiffs have asserted claims under a number of state and federal laws, the Commonwealth's brief focuses on the state laws for which the Attorney General has primary enforcement authority.  With respect to Chapter 93A, the Attorney General has a specific mandate to enforce the law should she become aware of any unfair or deceptive acts or practices.  Mass. Gen. Laws. c. 93A, § 4.

from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved," *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005), particularly when the amicus has "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997). Moreover, although there are no procedural rules addressing the filing of amicus briefs in federal district court, "courts have inherent authority and discretion to appoint amici." *Boston Gas Co. v. Century Indem. Co.*, 2006 WL 1738312, at *1 n.1 (D. Mass. 2006). In the First Circuit, even when the parties are required to obtain consent to such a filing but do not, courts may permit the submission of an amicus brief "if as a party, although short of a right to intervene, the amicus has a special interest that justifies his having a say . . . ." *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970); *see also Ruthardt v. United States*, 164 F. Supp. 2d 232 (D. Mass 2001) (denying motion to intervene but allowing state insurance guaranty funds to file an amicus brief). The Commonwealth's proposed *amicus curiae* brief meets these standards. In addition, because Backpage has not yet filed its reply brief and the hearing on the motion to dismiss is not yet scheduled, the parties will not be prejudiced by the Court's acceptance of the attached brief.

Finally, the attached *amicus curiae* brief complies with Local Rule 7.1(b)(4) in that it is no more than 20 pages in length, and with Fed. R. App. P. 32(a)(7)(B) and 29(d) in that it contains fewer than 7,000 words.

For all these reasons, the Commonwealth requests that the Court grant this motion and accept the attached *amicus curiae* brief for filing. In addition, the Commonwealth requests leave to participate in oral argument, should the Court find the Commonwealth's participation to be helpful in analyzing the legal issues presented by the parties.

Respectfully submitted,

COMMONWEALTH OF MASSACHUSETTS
ATTORNEY GENERAL
MAURA HEALEY

*/s/ Genevieve C. Nadeau*

GENEVIEVE C. NADEAU (BBO No. 677566)
Assistant Attorney General
Civil Rights Division
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
(617) 727-2200
Dated: February 20, 2015          genevieve.nadeau@state.ma.us


## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I hereby certify that the Commonwealth conferred via telephone with counsel for both plaintiffs and defendants in a good faith attempt to resolve or narrow the issues presented in this motion, in compliance with Local Rule 7-1(a)(2).

*/s/ Genevieve C. Nadeau*

GENEVIEVE C. NADEAU (BBO No. 677566)
Assistant Attorney General

### CERTIFICATE OF SERVICE

I, Genevieve C. Nadeau, hereby certify that this *Motion by Commonwealth of Massachusetts for Leave to File Amicus Curiae Brief In Support of Plaintiffs' Opposition to Motion to Dismiss*, filed through the CM/ECF system, will be sent electronically to the below named registered participants identified on the Notice of Electronic Filing, and that paper copies will be sent to those indicated as non-registered participants, if any, on this date.

| For Plaintiffs: | For Defendants: |
|---|---|
| John T. Montgomery | Robert A. Bertsche |
| Aaron M. Katz | Jeffrey J. Pyle |
| Dara A. Reppucci | PRINCE LOBEL TYE LLP |
| Jessica L. Soto | 100 Cambridge Street, Suite. 2200 |
| Christine E. Singer | Boston, MA 02114 |
| Cassandra Bolanos | rbertsche@princelobel.com |
| ROPES & GRAY LLP | jpyle@princelobel.com |
| 800 Boylston Street | |
| Boston, MA 02199 | James C. Grant |
| john.montgomery@ropesgray.com | Ambika K. Doran |
| aaron.katz@ropesgray.com | DAVIS WRIGHT TREMAINE LLP |
| dara.reppucci@ropesgray.com | 1201 Third Avenue, Suite. 2200 |
| jessica.soto@ropesgray.com | Seattle, WA 98101 |
| christine.singer@ropesgray.com | jimgrant@dwt.com |
| cassandra.bolanos@ropesgray.com | ambikadoran@dtw.com |

Dated: February 20, 2015          */s/ Genevieve C. Nadeau*_____
                                  Genevieve C. Nadeau